Filed 8/8/22  Ali v. Yelp CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SYED NAZIM ALI, | H048926 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 19CV349362) |
| v. | |
| YELP, INC., | |
| Defendant and Respondent. | |

Appellant Syed Nazim Ali challenges the trial court's 2021 order dismissing with prejudice his action against respondent Yelp, Inc. (Yelp) following arbitration proceedings.  On appeal, Ali contends that the trial court erred in (1) granting Yelp's motion to compel arbitration because Ali never agreed to arbitration and the arbitration agreement was unconscionable, (2) denying his request to stay the arbitration proceedings, and (3) dismissing his action because it had merit.  We reject Ali's contentions and affirm the trial court's order.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In June 2019, Ali filed an action against Yelp for breach of contract, intentional interference with prospective economic advantage, and defamation.  In July 2019, Ali filed an amended complaint that added causes of action for fraud, unfair competition, negligent misrepresentation, promissory estoppel, and false advertising.

Ali's amended complaint alleged that he had been an entrepreneur for 22 years and was a "high market profile professional" and a licensed "Legal Document Assistant." In 2018, he created a business called LDA Legal Solutions (LDALS) to provide "legal documents services" to consumers. He initially considered and rejected advertising with Yelp and chose instead to use Craigslist and physical signs advertising his business. However, in June 2018, Ali responded to a Yelp promotion and entered into a contract with the company for marketing services. He subsequently disputed the charges that Yelp was billing to his credit card and requested a refund. Ali terminated the contract after Yelp refused his refund request.

Ali later contacted Yelp about his belief that Yelp was not showing all of the positive reviews for LDALS, which he believed was in retaliation for his termination of his contract with Yelp. He alleged that "Yelp did not properly display good customer reviews fairly."

In May 2019, one of LDALS's customers posted a negative review on Yelp, which included a statement that Ali had threatened legal action against her. Ali's lawyer contacted the customer and told her that her contract with LDALS required her to resolve any dispute in arbitration before the American Arbitration Association (AAA). LDALS required all of its customers to agree to AAA arbitration.[1] Ali posted a comment responding to the customer's review and accusing her of breach of contract. Yelp declined Ali's request that it remove the negative review. Yelp placed a "Consumer Alert: Questionable Legal Threats" on LDALS's Yelp page notifying

---

[1] The arbitration clause from Ali's company's website that appears in the record on appeal and is dated "9/15/2019" provides (all wording in the original): "You agree and understand that all and/or any of our disputing coming out of this service contract will be resolved by American Arbitration Association (AAA) in the County of Santa Clara, California, and the claims can not be exceed the cost of the money you have paid us within this contract. You will be required to open the dispute if you wish to. You will compel to use (AAA) over the court should a dispute arise."

consumers that the business "may have tried to abuse the legal system" by threatening legal action against a reviewer.

In September 2019, Yelp filed a motion to compel arbitration of Ali's legal action against it. Yelp's motion was supported by documentation that when Ali purchased Yelp's advertising services, he accepted Yelp's "Master Advertiser Terms," which included an arbitration clause. Yelp's "Master Advertising Terms" was a two-page document containing 10 numbered sections. Section no. 9 was entitled "Choice of Law and Arbitration" and appeared in red letters. This provision required that all disputes be resolved by binding arbitration before AAA, governed by AAA's "Commercial Arbitration Rules." It also provided that the arbitration would be governed by the Federal Arbitration Act (FAA). In its motion, Yelp asked that Ali's action be stayed or dismissed so that the dispute could proceed in arbitration.

Ali filed opposition to Yelp's motion to compel. He contended that the arbitration clause was "procedurally unconscionable" because it was "a contract of adhesion" that was "buried" in the contract and "not clearly explained to consumers." He declared that the Yelp employee he had dealt with had not mentioned the arbitration clause. Ali contended he was unaware that he was agreeing to an arbitration clause. He also argued that the arbitration clause was procedurally unconscionable because he had no "opportunity to refuse" it. Ali asserted that the arbitration clause was substantively unconscionable because it restricted his discovery rights.

In February 2020, after no party contested the court's tentative ruling, the court granted Yelp's motion. In its order, the trial court found "no substantive or procedural unconscionability, and . . . that Plaintiff consented to the arbitration provisions by agreeing to the Advertising Terms." The court observed, "It is not a defense that Plaintiff chose not to read the Advertising Terms. Moreover, Plaintiff represents

3

himself to be a sophisticated consumer and an expert in cyber security." The court ordered "the action [] stayed pending completion of the arbitration."

In August 2020, Ali filed a "status report" with the court.[2] He informed the court that he had paid $2,200 in November 2019 and "opened an Arbitration case" with AAA. In February 2020, AAA informed him that "in order to proceed" he would need to pay a "$3,300 Proceed Fee." He requested a "fee waiver" for "financial hardship," and AAA did not require him to pay the $3,300 "Proceed Fee." In May 2020 and June 2020, AAA sent him invoices for $11,650 for the arbitrator's fees and expenses. Ali told AAA about his financial hardship and offered to pay $250 a month. AAA did not accept this offer.[3] At this point, Yelp had an anti-SLAPP motion pending before the arbitrator. Ali had been given a September 2020 deadline to pay $3,150 of the AAA fees, with the remainder due in November 2020. AAA suspended the arbitration in June 2020 pending Ali's payment of the fees.

In August 2020, Ali asked the trial court to "place this matter back to Court calendar" so that the matter could proceed in court rather than in arbitration. The appellate record contains no order from the trial court concerning Ali's request.

On November 5, 2020, the trial court held a regularly scheduled status hearing. The hearing was not reported. According to the minute order, Yelp appeared telephonically at the hearing; there is no indication that Ali appeared. The trial court set the case for "status review re: arbitration" (capitalization omitted) on March 4, 2021.

---

[2] Yelp requests judicial notice of various arbitration documents that were not before the trial court. Since these documents are not necessary to our resolution of Ali's appeal, we deny the request.

[3] We note that, at that rate, it would have taken Ali four years to pay the arbitration costs.

4

On March 4, 2021, the trial court conducted the status review. The hearing was not reported. The minute order indicates that the trial court "hear[d] from Pl[ai]nt[i]ff and Counsel [for Yelp] with regard to arbitration." The minute order states that the trial court ordered Ali's action dismissed with prejudice but does not indicate the basis for the court's order. That same day, Ali filed a notice of appeal that stated it was from a judgment of dismissal.

## II. DISCUSSION

### A. *Adequacy of Ali's Notice of Appeal*

Yelp contends that we lack jurisdiction because the notice of appeal misidentifies the appealing party and fails to identify the challenged order.

"[N]otices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced." (*Luz v. Lopes* (1960) 55 Cal.2d 54, 59.) That standard is satisfied here. While Ali mistakenly placed Yelp's name rather than his own in one spot on the notice, the notice was clearly filed and signed by Ali. As the notice identified the order appealed from as a judgment of dismissal, and the notice was filed on the same day that the court dismissed Ali's action with prejudice, we decide it was reasonably clear what Ali was appealing from and Yelp could not have been misled by the notice of appeal. We reject Yelp's jurisdictional challenge based on the notice of appeal.

### B. *Order Granting Motion to Compel Arbitration*

Yelp argues that we lack jurisdiction to address the trial court's order granting Yelp's motion to compel because that order was not an appealable order. (Code Civ. Proc., § 1294.) Ali did not purport to appeal from the order granting Yelp's motion to compel. Instead, he addresses the validity of the order in his appeal from the judgment of dismissal. "[A] party compelled to arbitrate is entitled to have the validity of the order reviewed on his appeal from a judgment confirming an award." (*Wheeler v. St.*

5

*Joseph Hospital* (1976) 63 Cal.App.3d 345, 353 (*Wheeler*).)  Yelp cites no authority for the proposition that we cannot review the validity of the order in an appeal from a final judgment of dismissal.  We therefore address the merits of Ali's challenge to the court's order.

Ali contends that the trial court should not have granted the motion to compel arbitration because he did not agree to arbitration.  A court may not grant a motion to compel unless there was an agreement to arbitrate the dispute.  (Code Civ. Proc., § 1281.2.)  "[A] party cannot be compelled to arbitrate a dispute he has not agreed to submit."  (*Wheeler*, *supra*, 63 Cal.App.3d at p. 355.)

"[W]hen a petition to compel arbitration is filed and accompanied by prima facie evidence of a written agreement to arbitrate the controversy, the court itself must determine whether the agreement exists and, if any defense to its enforcement is raised, whether it is enforceable.  Because the existence of the agreement is a statutory prerequisite to granting the petition, the petitioner bears the burden of proving its existence by a preponderance of the evidence.  If the party opposing the petition raises a defense to enforcement . . . that party bears the burden of producing evidence of, and proving by a preponderance of the evidence, any fact necessary to the defense." (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413.) "Generally, if the trial court's order rests on a factual determination, the appellate court adopts a substantial evidence standard [of review].  If the court's decision rests solely on an interpretation of law, then we employ the de novo standard of review." (*Contreras v. Superior Court* (2021) 61 Cal.App.5th 461, 468.)

The trial court's finding that Ali had agreed to the arbitration clause was based on a factual determination, so we review that finding for substantial evidence.  Yelp's documentation demonstrated that, when Ali purchased Yelp's advertising services, he clicked a purchase button that plainly stated he was agreeing to Yelp's "Master Advertiser Terms," which were hyperlinked to the purchase page.  These terms

6

included a clearly identified and easily understandable arbitration clause. Thus, substantial evidence supports the trial court's finding that Ali agreed to the arbitration clause.

The motion to compel was properly granted unless Ali met his burden of showing that the arbitration provision was unenforceable. However, Ali's appellate opening brief does not address this issue. He argues only that he could not be compelled to go to arbitration because he had not agreed to the arbitration clause. He cites an unpublished case,[4] though it is unclear for what proposition. In his appellate *reply* brief, Ali asserts that "he did not sign the arbitration agreement because it was unconscionable." He acknowledges that it was his burden to establish any defense to the enforceability of the arbitration clause, but he never identifies any basis for his unconscionability claim.

" ' "Obvious considerations of fairness in argument demand that the appellant present all of his points in the opening brief." ' " (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.) Moreover, Ali's briefing makes no attempt to demonstrate that the record does not support the trial court's finding that the arbitration clause was enforceable. "We 'start with the presumption that the record contains evidence sufficient to support the judgment; it is the appellant's burden to demonstrate otherwise.' " (*Carrington v. Starbucks Corp.* (2018) 30 Cal.App.5th 504, 518.) The trial court found that the arbitration clause was not unconscionable. We presume that the record supports this finding. Since Ali fails to identify on appeal any flaw in the trial court's finding, we reject his unsupported assertion that the trial court should have denied the motion to compel because the arbitration clause was "unconscionable."

---

[4] (*Sandquist v. Lebo Automotive, Inc.* (2014) 228 Cal.App.4th 65, review granted Nov. 12, 2014, S220812.)

C. *Trial Court's Failure to Stay Arbitration*

Ali contends that the trial court erred in "denying appellant['s] request to stay the case within the trial court" due to his inability to pay the cost of arbitration and AAA's "bad-faith" refusal to accept a $250 per month payment plan for the $11,650 in arbitrator fees and expenses.

The appellate record contains no trial court order responding to Ali's August 2020 "status report" asking the court to "place this matter back to Court calendar" so that the matter could proceed in court rather than in arbitration. No other request appears in the record, so we assume that this is the request to which Ali refers. As the appellant, Ali must show error based on the appellate record that he has provided. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*); *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) Since the record provided by Ali contains neither a court order responding to his request nor a transcript of any hearing on his request, he has failed to provide us with an adequate record to support his claim of error.

D.  *Trial Court's Dismissal of Ali's Action*

Ali maintains that the trial court erred in dismissing his action because his case has merit. The merits of Ali's action were never before the trial court. We are required, under the principles of appellate review, to presume the trial court's order was correct. As we have already noted, as the appellant, Ali bore the burden of producing a record that demonstrates error. With respect to the March 4, 2021 hearing at which the trial court dismissed his action, Ali has presented us with an appellate record that lacks a reporter's transcript of the trial court proceedings, and he has not requested a suitable substitute, such as a settled statement. Without a record of the arguments or any evidence before the trial court at that hearing, this court cannot conduct a meaningful review of the court's order and must reject Ali's claim on that basis. (*Jameson*, *supra*, 5 Cal.5th at p. 609.)

### III.  DISPOSITION

The trial court's order of dismissal of Ali's action is affirmed.

_____

Danner, J.

WE CONCUR:


_____

Bamattre-Manoukian, Acting P.J.


_____

Wilson, J.


**H048926**
*Ali v. Yelp, Inc.*